**TARTT v. SPIZER.**

**No. 16617.**

Court of Appeal of Louisiana. Orleans.

May 31, 1937.

Chas. J. Mundy, of New Orleans, for appellant.

Hugh M. Wilkinson, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for damages for physical injuries in which plaintiff claims $1,591. She alleges that on December 9, 1932, about 4:30 p. m. defendant backed his automobile upon her and knocked her down as he attempted to drive away from a parked position in front of his place of business at the corner of La Salle and Toledano streets. In the words of plaintiff's counsel "Petitioner was knocked by the impact of defendant auto across the car tracks and in front of the oncoming street car and it was only the quick thinking and quick acting of the motorman on said street car in stopping it in time as it almost touched the unconscious prostrate body of petitioner, that prevented petitioner from being cut in two by the said street car." Her injuries are alleged to have consisted of internal pains extending "from the left side of her chest to the small of her back" and "she could rest only in a certain position in bed at night and at frequent intervals suffers sharp shooting pains through her body."

The charges of negligence against defendant are that he should have looked before he started his car, that he backed against traffic, and attempted to pass a streetcar by driving backwards at a time when passengers were attempting to board the car and in not giving warning of his intention to start his car.

Defendant answered and admitted that on the day and at the time mentioned his automobile was parked in front of his store at the locality mentioned and that he entered his car for the purpose of moving away and, because there was another automobile parked immediately in front of him, it was necessary for him to back a few feet in order to turn into the street and go around the rear of the car in front of him. He avers that before attempting to back he looked carefully to the rear and, seeing no one, sounded his horn and slowly backed his car. He denied that he struck plaintiff or knocked her down. On the contrary, he says that "the said negro woman, the plaintiff, ran behind his car from somewhere on the corner and shouted at respondent and when respondent stopped his car and looked back to ascertain who was shouting, the said negro came to the rear and left of the car and in standing position looked to see if your respondent was watching her and threw herself prostrate on the ground." In other words, his defense is that plaintiff's case is manufactured out of the whole cloth, a pure fiction involving serious reflection upon both client and counsel.

After a careful reading of the record we are unable to say that the court below erred in rejecting plaintiff's claim. There is much in the record which reflects unfavorably upon plaintiff's credibility and little to the contrary. A motorman on a passing streetcar did say that plaintiff was knocked down by defendant's automobile, but it might well be that he was misled by the fact that, when he saw the plaintiff fall and defendant's automobile backing in close proximity, at the same time, he quite naturally, but erroneously, assumed that there was a causal relation between these actually independent and unrelated incidents.. We say unrelated incidents because we do not believe that defendant's automobile struck plaintiff at all. We trust we do her no injustice in saying that we cannot believe her story, but from our point of review it is incredible. There are certain facts established by the record which in themselves and by plain implication involve plaintiff's character and discredit her testimony. We feel constrained to say that counsel does not entirely escape the suspicion which these untoward circumstances engender. We

will not say more, but we could not say less regarding the unfavorable impression which the character of this claim, the claimant, and her counsel has left with us.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.